Aug. 12,
1875.  }                    RAYNES v. RAYNES.

*Practice—Rehearing—New trial—Former finding not evidence.*

The facts of a case had been found by a judge at trial term, and the case, having been sent by the whole court again to the trial term for a rehearing, was heard, after the change in the judiciary, in the circuit court. The circuit judge ruled, that the facts found at the former hearing were to be assumed as true in the first instance, and that the burden was on the defendants to show a different state of facts. *Held*, that this was not such a rehearing as was contemplated by the order.

*W. H. Y. Hackett* and *Goodall*, for the defendants.

*Hatch*, for the plaintiffs.

Cushing, C. J. The supreme court, at the law term, having substantially set aside the former finding and ordered a rehearing—*Raynes* v. *Raynes*, 54 N. H. 213—because there had not been a sufficient hearing before, it seems sufficiently obvious that the previous finding, with which the court was dissatisfied, ought not to be made evidence at the rehearing. The order was substantially an order for a new trial. It would probably be something new to the profession, if, after a verdict set aside and a new trial granted, it should be held that the former verdict which had been set aside might be laid before the jury as *prima facie* evidence. I cannot understand how a verdict which had been set aside on account of a mis-trial, should also be considered as still in force until it is further impeached by evidence.

My opinion, therefore, is, that there should be a rehearing *de novo*.

Ladd and Smith, JJ., concurred.

*New trial granted.*